# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HUILONG ZHENG,

Petitioner,

v.

THE UNITED STATES OF AMERICA, et al.,

Respondents.

Case No.: 26-cv-1563-RSH-AHG

**ORDER DENYING MOTION TO ENFORCE**

[ECF No. 11]

On March 9, 2026, petitioner Huilong Zheng filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner requested that the Court order a bond hearing in which the government bears the burden of establishing, by clear and convincing evidence, that Petitioner presents a risk of flight or poses a danger. *Id.* ¶¶ 9, 142. Respondents did not oppose. ECF No. 8. On April 7, 2026, the Court entered an order granting the Petition and directing a bond hearing as requested by Petitioner, to take place within seven days. ECF No. 9.

The record reflects that Petitioner was thereafter scheduled for a bond hearing before an immigration judge on April 15, 2026, but that Petitioner through counsel withdrew that bond request. *See* ECF No. 13-1 (order of immigration judge dated Apr. 15, 2026). Thereafter, Petitioner was scheduled for another bond hearing to take place on May 4, 2026

before a different immigration judge, but Petitioner through counsel then withdrew this request as well. *See* ECF No. 13-2 (order of immigration judge dated May 4, 2026). On May 12, 2026, Petitioner requested a bond hearing pro se, but on that occasion the immigration judge was apparently not notified of this Court's order, and denied bond on the grounds that Petitioner was subject to mandatory detention. *See* ECF No. 13-3 (order of immigration judge dated May 12, 2026).

On May 27, 2026, Petitioner filed his motion to reopen his case to enforce the judgment, arguing that the immigration judge failed to comply with this Court's order. ECF No. 11.

Thereafter, Petitioner was scheduled for a new bond hearing before an immigration judge on June 17, 2026. At that hearing, the immigration judge denied bond, explaining as follows:

> [A]lthough [Mr. Zheng] does not appear to pose a danger to the community, the evidence does show, clearly and convincingly, that [Mr. Zheng] poses a risk of flight. In consideration of the factors enumerated in Matter of Guerra, 24 I & N Dec. 37 (BIA 2006), the Court finds as follows: 1) Respondent has resided in the U.S. for approximately 3 years, but his only "fixed address" was submitted by his proffered sponsor, an individual who only knows Respondent from shared meals of Chinese food; 2) Respondent has no relatives in the United States who could help him with his immigration proceedings; 3) Respondent entered the country illegally.
>
> The Court notes that [Mr. Zheng] refused to meaningfully participate in this hearing, so the court relied on an incorporated by reference documents present on [Mr. Zheng's] behalf in prior hearings.

ECF No. 15-1 at 1.

On June 29, 2026, Petitioner filed a reply brief in support of his motion to enforce. ECF No. 16. Petitioner states:

> When Petitioner was afforded a bond hearing on June 17, 2026, the immigration judge found Petitioner subject to mandatory detention and accordingly denied bond because Petitioner has resided in the U.S. for approximately 3 years, has no relative in the United States who could

> help him with his immigration proceedings and entered the country illegally. Although the immigration judge made findings that Petitioner is a flight risk [], the risk of erroneous deprivation of liberty remains high because that finding was made post hoc. Ordering a new bond hearing at which the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or the community will reduce the risk of the continuing erroneous deprivation of Petitioner's liberty interests.

*Id.* at 18. Despite Petitioner's reference to "mandatory detention" in the passage above, Petitioner also appears to recognize that the immigration judge did not determine that Petitioner was subject to mandatory statutory detention; instead, the immigration judge determined based on the evidence presented that Petitioner was a flight risk. As reflected in the immigration judge's order, the immigration judge made such findings to a standard of clear and convincing evidence. Although it is clear that Petitioner disagrees with the immigration judge's conclusion of detention, Petitioner does not specify how in his view the immigration judge erred. It is also not clear whether he has exhausted any claims of error by pursuing an appeal to the Board of Immigration Appeals. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Petitioner has received the bond hearing he requested in the Petition and in his motion to enforce, even though he disagrees with the outcome of that bond hearing. Accordingly, the motion to enforce [ECF No. 11] is **DENIED**. The Court declines to address claims for relief that Petitioner raises for the first time in his reply brief in support of his motion to enforce.

**IT IS SO ORDERED**.

Dated: July 8, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge